Macomber, J.
The order relieving the respondent Cunee from his purchase made at the sale in foreclosure was based upon the fact that one, Robert Kein, had an interest in the mortgaged property, and was, therefore, a necessary party defendant.
It appears in the affidavits that John Sexton executed the mortgage in suit in 1877; that he died in 1879 intestate, leaving a widow who died shortly afterwards. His only heirs were his son, the defendant, William J. Sexton, and his daughter, Mary E. Kein, the wife of Robert Kein. She *681 died intestate in September, 1880, after her mother’s death, seized of an undivided half of the premises sought to be foreclosed, and leaving surviving her Robert Kein, her husband, and a child John R. S. Kein, her only heir at la w. If these facts be true, as they are shown to be, then Robert Kein had an interest in one-half of the property as a tenant by the urtesy.
The foreclosure proceeded upon the assumption that . Robert Kein was not living. The evidence shows that he disappeared from the state of New York, and had not returned thereto for upwards of seven years. The affidavit, however, of Charles N. Kinney, taken in Grayson county, in the state of Texas, says that in or about the year 1875, he was in the cotton business in New York city where he was well acquainted with Robert Kein, and that “he saw said Robert Kein in Sherman, Texas, either in December, 1883, or sometime subsequent thereto, but does not remember the exact date, and that to his best recollection, said Kein then spoke to deponent of his intention to go to Dallas, San Antonia and Port Worth (all which places are in Texas), that deponent has not received any information that said Kein was not now living.”
This absent and necessary party is, therefore, by position and direct evidence, shown to have been living as late as December, 1883. The plaintiff, therefore, should have made him a party and procured service of process upon him by publication.
This renders it unnecessary to consider the appeal from the order of the judge at special term denying the plaintiff’s motion for resettlement of the order, inasmuch as there appears to be nothing in the affidavits which are not recited in the order which would vary in any respect this conclusion.
The order should be affirmed, with ten dollars costs and disbursements.
Daniels and Brady, JJ., concur.